**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOSTAFA MAHMOUD MOHAMED, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 12-73277 <br> 14-72951 <br><br> Agency No. A076-594-669 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2018[**]
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Mostafa Mahmoud Mohamed (Mohamed), a native and citizen of Egypt,

petitions for review of the denial by the Board of Immigration Appeals (BIA) of

his motions to reopen removal proceedings. We review for abuse of discretion, *see*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017), and we deny the petitions.

1.     In Appeal No. 12-73277, the BIA acted within its discretion in denying Mohamed's motion to reopen as untimely because it was filed more than 90 days after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and Mohamed did not establish materially changed circumstances in Egypt to overcome the time limitation for a motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).  The BIA considered the evidence offered by Mohamed, determined that Mohamed's statements were speculative, and found that Mohamed failed to demonstrate that any possible mistreatment would amount to persecution. The evidence supports the BIA's findings.  *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (reviewing factual findings for substantial evidence).

2.     Any error in the BIA's reliance on 8 C.F.R. § 1287.6 to evaluate the evidence, was harmless, as the BIA also cited *Matter of S-Y-G-*, 24 I&N Dec. 247, 251 (BIA 2007) (providing for the examination of evidence to determine if it is "genuine, authentic, and objectively reasonable.").  *See Blanco v. Holder*, 572 F.3d 780, 781 n.1 (9th Cir. 2009) (applying harmless error).

3.     In Appeal No. 14-72951, although the BIA did not provide a reasoned explanation of why Mohamed's second motion to reopen was untimely, it also

denied the motion on the merits. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (holding that the BIA may deny a motion to reopen for "failure to establish a prima facie case for the relief sought"). There is no indication that the BIA failed to consider the evidence before it, and the BIA's conclusion was not "arbitrary, irrational, or contrary to law." *Agonafer*, 859 F.3d at 1203 (citation omitted). Thus, the BIA did not abuse its discretion in denying Mohamed's second motion to reopen. *See Najmabadi*, 597 F.3d at 986 (noting the "broad discretion" to grant or deny a motion to reopen).

**PETITIONS DENIED.**